UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE INNOCENCE PROJECT,<br><br>                     Plaintiff,<br><br>     v.<br><br>NATIONAL MUSEUM OF HEALTH AND MEDICINE, et al.,<br><br>                     Defendants. | 19 Civ.1574 (AJN) |

**JOINT STATUS REPORT AND
PLAINTIFF'S UNOPPOSED REQUEST FOR AN ORDER AUTHORIZING
DISCLOSURE OF ONE DOCUMENT SUBJECT TO THE PROTECTIVE ORDER**

Plaintiff, on behalf of all parties, submits this joint status report pursuant to this Court's orders of October 15, 2019 (ECF No. 37), and July 25, 2019 (ECF No. 35).[1] The parties propose to submit a further status update on or before January 17, 2019.

In addition, Plaintiff asks the Court to endorse the attached proposed order authorizing disclosure and de-designating a document that Defendants previously marked as protected pursuant to the Protective Order (ECF No. 36) in this case. Defendants do not oppose this request and will submit a separate statement explaining the Government's position.

**I.  Joint Status Update**

This case concerns the Innocence Project's efforts to gain access to a federal archive operated by Defendants that contains historical records about forensic odontology and, in particular, the use of bite mark identification methods in criminal cases. *See generally*

---

[1] The parties apologize for failing to submit this report before the deadline specified in the Court's Order of July 25, 2019, and appreciate the Court's forbearance in permitting them to cure the error by submitting this status update now. *See* ECF No. 37.

Complaint, ECF No. 6. This Court entered a Privacy Act Order and Protective Order on July 25, 2019 ("Protective Order"), that authorized Defendants to allow Plaintiff's attorneys to inspect the archives, notwithstanding any Privacy Act concerns that might otherwise exist. *See* ECF No. 36. The Protective Order further authorized Defendants to designate documents from the archives as "protected information"—not subject to dissemination beyond the attorneys in this case—if they determined that the document might be subject to the Privacy Act or some other legal basis limiting public dissemination. *See* ECF No. 36 ¶¶ 1-3.

After this Court entered the Protective Order, the parties were able to agree on dates and protocols for Plaintiff's counsel to visit the archive in person. During the visit, which spanned August 28-29, 2019, Plaintiff's counsel was able to review multiple boxes of documents from the archive and obtained copies of several documents of interest. Defendants' agency counsel reviewed those documents as they were copied and marked some of them as protected information, subject to the non-disclosure obligations of the Protective Order, while many others were not marked as protected. The visit went smoothly and neither party encountered any unforeseen difficulties.

Because of the volume of documents and time-intensive nature of the page-by-page review, Plaintiff's counsel were not able to complete their review of the materials in the archive during the visit. The parties are actively discussing dates for a subsequent visit to the archive to continue reviewing documents. That visit, and any subsequent visits, would be subject to the same protocols as the first.

Following the visit to the archive, Plaintiff's counsel identified one document in particular that had been designated as protected information, but which they had a pressing need to be able to share beyond counsel in this case. The parties engaged in discussions about whether

that particular document was properly marked as protected and whether it could be removed from the Protective Order. As detailed below, Plaintiff now asks the Court to enter an order de-designating the document and permitting disclosure pursuant to 5 U.S.C. § 552a(b)(11). Defendants do not oppose this request.

With respect to other documents currently marked as protected information, the parties have deferred discussions about whether any such documents should be de-designated or otherwise removed from the strictures of the Protective Order. The parties will seek to resolve those disagreements to the greatest extent possible without burdening the Court. That said, one or both parties may ask the Court to resolve any such disputes or to issue any necessary and appropriate orders.

The parties jointly propose to submit a further status report on January 17, 2019, at which point Plaintiff's counsel is likely to have made at least one more visit to the archive.

**II.     Plaintiff's unopposed request for an order permitting disclosure of a document previously marked as protected information pursuant to the Protective Order.**

As previously stated, the Innocence Project asks this Court to issue an order pursuant to the Protective Order and 5 U.S.C. § 552(b)(11) authorizing disclosure of one particular document that was originally marked as protected. Defendant's counsel does not oppose this request.

Plaintiff has a pressing, time-sensitive need for this document. The document is a letter dated April 3, 2006, written by a forensic odontologist to the American Board of Forensic Odontologists ("ABFO") in the course of that organization's ethics investigation of another forensic odontologist.[2] The document is highly relevant to a current post-conviction proceeding

---

[2] The description of the letter here omits any names or other identifying details in order not to disclose information that is currently designated as protected under the Protective Order. If the Court wishes to inspect the document in question or to have more details regarding its import,

3

in which the Innocence Project, as counsel, is seeking to overturn a wrongful conviction. In particular, the forensic odontologist who authored the letter in question testified as an expert at an evidentiary hearing in the ongoing post-conviction matter. The letter is direct evidence that portions of his sworn testimony in that proceeding were false and potentially perjurious. In particular, he testified under oath that he did not have any specific knowledge of the ethics investigation in question and that he had not read the underlying ethics complaint. The letter discovered in the archive directly and unambiguously contradicts this testimony.

An order authorizing dissemination of this document is appropriate for two alternative reasons. *First*, it is Plaintiff's position that the document is not subject to the Privacy Act and its non-disclosure provision at all. *Second*, if the Privacy Act does apply, it is appropriate for this Court to authorize release under 5 U.S.C. § 552a(b)(11), which specifically permits disclosure of material otherwise protected by the Privacy Act "pursuant to the order of a court of competent jurisdiction."

A disclosure order is appropriate because the Privacy Act does not apply.[3] The Privacy Act only restricts disclosure of a record "which is contained in a system of records." 5 U.S.C. § 552a(b). "[T]he Privacy Act does not apply where documents or information at issue are not contained in the agency's 'system of records.'" *Bechhoefer v. Department of Justice*, 179 F. Supp. 2d 93, 95 (W.D.N.Y. 2001) (quoting *Manuel v. Veterans Admin. Hosp.*, 857 F.2d 1112, 1117 (6th Cir. 1988)), *rev'd on other grounds*, 209 F.3d 57 (2d Cir. 2000).

---

Plaintiff could invoke the process under the Protective Order to file such material, potentially under seal. *See* Privacy Act Order and Protective Order ¶ 11 (ECF No.36).
[3] Although Defendants do not oppose entry of the proposed order, Defendants do not concede that the Privacy Act does not apply.

The document in question is not part of a "system of records." The Privacy Act defines a "system of records" as "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual[.]" § 552a(a)(5). Accordingly, to determine whether "a document is part of a system of records . . . courts have looked at the method by which the information is retrieved[,]" and "[d]ocuments not retrieved by the plaintiff's name or other identifier have been held not to be part of a system of records." *Bechhoefer,* 179 F. Supp. 2d at 96. Moreover, "in determining whether an agency maintains a system of records keyed to individuals, the court should view the entirety of the situation, including the agency's function, the purpose for which the information was gathered, and the agency's actual retrieval practice and policies." *Henke v. Dep't of Commerce*, 83 F.3d 1453, 1461 (D.C. Cir. 1996).

The Museum's archive of ABFO materials does not constitute a system of records because it is not generally retrievable by name—certainly the portion of the archive in which the document was found is not organized in that way. In particular, the archive is organized into six topical "series," each of which contains a number of cardboard boxes. Each box is typically full of Manila folders holding documents. Each box is labelled with a title, and each folder in the box also has a descriptive name, such as "ABFO reference materials", "Administrative Correspondence 1976",  or "ABFO workshop materials."[4]

Here, the document in question was found in Series 1, Box 4. That series is titled "Administrative Material 1973-2008." The specific box is labelled "ABFO Diplomate Reference Manual revisions (2004); ABFO Procedure Manual (1989 – 2003); Ethics committee and review

---

[4] A description of the archive, including the title of each series and individual box, is published by the Defendant Museum here: https://health.mil/Reference-Center/Publications/2015/12/18/American-Board-of-Forensic-Odontology-Records.

material (1985 – 2007); Financial records (1980 – 1997)." Both the specific box and entire series in which the document was found are not generally organized by name and documents from this series and box cannot generally be retrieved by name. The name of the expert who authored the letter in question does not appear in the label of any series, box, or folder at issue. The only reason Plaintiff's counsel happened to find the record was because they engaged in a page-by-page review of every document stored in the box.

For these reasons, the archive—or at least this part of it—cannot constitute a system of records.[5] The document is therefore not subject to the Privacy Act. Because the government has asserted no basis other than the Privacy Act for placing the document under the Protective Order, this Court should order that this particular document is not subject to the Protective Order and may be disclosed to Plaintiff's counsel without additional limitations.

Even if the Privacy Act did apply to this document, the Court should order disclosure under 5 U.S.C. § 552a(b)(11). That provision of the Privacy Act authorizes disclosure of material "pursuant to the order of a court of competent jurisdiction." The Court has broad discretion to order disclosure under that authority. In the leading case concerning (b)(11), *Laxalt v. McClatchy*, the Court of Appeals for the D.C. Circuit observed "[n]either the statute nor anything in its legislative history specifies the standards for issuance of such a court order." 809 F.2d 885, 888 (D.C. Cir. 1987). The Court of Appeals held that the statute entrusts the court with broad discretion to order permit disclosure subject to the considerations governing discovery in general and other circumstances of the particular case. *See id.* at 889–90 (specifying considerations court

---

[5] For present purposes the Court need not decide whether other parts of the archive might constitute a system of records. The document in question here was found in a particular series (and box) that plainly does not meet the statutory description of a "system of records."

6

may take into account in crafting a disclosure order under (b)(11)); *Moore v. U.S. Postal Serv.*, 609 F. Supp. 681, 682 (E.D.N.Y. 1985) (advance notice to individual subject of disclosed record not generally required).

In this instance, unconditional disclosure is appropriate for a number of reasons. Plaintiff has a pressing need for the record. The document is direct evidence of potential perjury by an expert in an ongoing proceeding in which the exoneration of a prisoner hangs in the balance. *Cf. Dedjoe v. Esper*, No. 1:15-cv-1170, 2019 WL 697821, at *9 (N.D.N.Y. Feb. 19, 2019) (denying protective order because "[o]nce uttered [in Court], the subject of [a witness's] testimony became part of the public domain" and because the "interest in maintaining the privacy of [a person's] disciplinary history did not override Plaintiff's right to present relevant evidence to the jury"). In addition, Plaintiff submits that there is serious doubt that the Privacy Act even applies to the document, for the reasons described already. *Supra* 4-6. Finally, the government, which now owns and controls the archive, does not object to its disclosure. In these circumstances, the Court should exercise its discretion to issue an order under (b)(11) endorsing disclosure of the record.[6]

Respectfully submitted,

/s/Jonathan Manes
Alexander Fantauzzo, *student attorney*
Hoda Moussa, *student attorney*
John Zakour, *student attorney*
Jonathan Manes, *supervising attorney*
University at Buffalo School of Law
507 O'Brian Hall, North Campus
Buffalo, NY 14260-1100
(716) 645-6222
jmmanes@buffalo.edu

Dated: October 17, 2019      *Counsel for Plaintiff*
       Buffalo, NY

---

[6] Plaintiff would not object to *in camera* review of the document by the Court, and would be glad to submit further documentation establishing that disclosure is appropriate. *See supra* note 2.