

**University at Buffalo**
**Clinical Legal Education**
School of Law

December 10, 2019

**BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2102
New York, NY 10007

DEC 1 2 2019

>   *Re:*   Letter-Motion for Extension of Time to File Proofs of Service
>   *Innocence Project, Inc. v. Nat'l Museum of Health & Med.*,
>   No. 19 Civ. 1574 (AJN)

Dear Judge Nathan:

Plaintiff submits this letter-motion for an extension of time through December 20, 2019, to file the proofs of service required by this Court's orders of October 31, 2019 (ECF No. 45) and December 3, 2019 (ECF No. 47). Defendants do not oppose this request.

As the Court is aware, Plaintiff has filed an unopposed request for an order permitting unrestricted disclosure of a particular document currently subject to a protective order that limits its dissemination. *See* ECF Nos. 39, 43. In response, the Court has ordered Plaintiff "to give notice to both the author and the subject of the document in question of its request" and to "serve all relevant documents from this proceeding on both of these individuals and file proof of service with the Court." ECF No. 45, at 1. Subsequently, the Court issued an order noting that Plaintiff had not yet filed proofs of service and ordering Plaintiff to do so within one week of its Order dated December 3, 2019—i.e. by today, December 10, 2019. ECF No. 47.

Thus far, Plaintiff has only been able to complete service on one of the two individuals in question. For the reasons explained below, Plaintiff therefore seeks an extension of time through December 20, 2019 to file proof of service.

Plaintiff arranged to serve both the subject and author of the document in accordance with the rules governing service of process specified in Rule 4(e) of the Federal Rules of Civil Procedure.[1] To that end, Plaintiff's counsel engaged

---

[1] The Court's order did not specify how service should be effected. Because neither recipient is currently a party to this case, Plaintiff determined that the stringent rules governing initial service of process under Rule 4(e) were most appropriate, rather than the rules governing service on a party under Rule 5.

Jonathan Manes
Associate Professor
Director, Civil Liberties and Transparency Clinic

----------------------

507 O'Brian Hall, Buffalo, NY 14260-1100
716.645.6222  (F) 716.645-2167
jmmanes@buffalo.edu

www.buffalo.edu

professional process servers in two states after determining where the individuals in question likely reside.[2]

Plaintiff's counsel has learned that the individual who is the *subject* of the document in question was personally served with the relevant papers at his home on December 5, 2019. Despite repeated requests, including earlier today, Plaintiff's counsel has not yet received the proof of service from the process server. Plaintiff expects to receive it shortly and will file it with the Court as soon as it is received.

With respect to service on the *author* of the document, Plaintiff's counsel has been in touch with the process server and understands that there will be be an attempt to effectuate service tomorrow, December 11, 2019. Efforts to serve the author of the document have been delayed for a number of reasons, including a snowstorm that postponed mail delivery of the papers to the process server,[3] as well as the process server's determination that governing rules do not allow service on a weekend and other ordinary administrative delays.

For these reasons, Plaintiff asks the Court for a ten-day extension of the deadline through December 20, 2019, to complete service and file proof thereof. SO ORDERED. This extension will allow sufficient time to effectuate service on the author of the letter, taking account the possibility that multiple attempts may be necessary and that there may be some delay involved in receiving an affidavit of service from the process server. Plaintiff will of course file sooner if proof of service is obtained before the proposed deadline.

SO ORDERED: 12/11/19

_____
HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

/s/Jonathan Manes
Jonathan Manes, *supervising attorney*
University at Buffalo School of Law
507 O'Brian Hall, North Campus
Buffalo, NY 14260-1100
(716) 645-6222
jmmanes@buffalo.edu

*Counsel for Plaintiff*

---

[2] Plaintiff omits reference to specific locations in order not to risk disclosing indirectly the identity of the individuals in question while that information remains subject to a protective order. Both individuals reside far outside New York State.

[3] Because the papers that Plaintiff is required to serve include documents that are presently under seal, *see* ECF No. 45, at 2, Plaintiff's counsel physically mailed the documents to the process server in a sealed envelope rather than transmitting them electronically.