UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE INNOCENCE PROJECT, INC.

    *Plaintiff,*

v.

NATIONAL MUSEUM OF HEALTH
AND MEDICINE, *et al.*,

    *Defendants.*

Case No. 19-cv-1574 (AJN)

The parties shall submit another joint status report by January 8, 2021. SO ORDERED.

SO ORDERED. 10/14/2020
ALISON J. NATHAN, U.S.D.J.

### REDACTED JOINT STATUS REPORT

Plaintiff, on behalf of all parties, submits this joint status report to update the Court regarding the progress of this matter.

### I. Background.

In this case, The Innocence Project has sought access to an archive at the National Museum of Health and Medicine ("Museum") that contains historical records about forensic odontology and, in particular, the use of bite mark identification methods in criminal cases. *See generally* Complaint, ECF No. 6. This Court entered a Privacy Act Order and Protective Order on July 25, 2019 ("Protective Order"), that authorized Plaintiff's attorneys to inspect the archives while allowing Defendants to designate documents from the archives as "protected information"—not subject to dissemination beyond the attorneys in this case—if they determined that a document might be subject to the Privacy Act or some other legal basis limiting public dissemination. *See* ECF No. 36 ¶¶ 1-3.

## II. Progress since the previous status report.

Due to restrictions that remain in place as a result of the coronavirus pandemic, the parties have not been able to make significant progress on this case since the last status report. Plaintiff has not been able to visit the Museum's archive since January 2020 and, as a result, has not been able to complete review of the documents. Because the archive is solely available in physical/paper format, it is impossible to complete the review through alternative remote means.

Counsel anticipate that they will be able to complete their review in one or two more visits, but at this time it is unclear when those visits will occur. The museum has informed Petitioner's counsel, however, that the Museum remains in "phase 2" of its reopening plan, with only limited staffing on site. The Museum is not accepting any researchers at this time. When the Museum does begin to accept researchers, it may not be able to accommodate a party the size of Plaintiff's previous visits. As a result, it may be necessary to schedule visits involving only one or two representatives from Plaintiff's legal team which, in turn, may mean that more visits are required in order to complete the review.

The Museum has indicated that it is arranging for a private vendor to make digital copies of certain analog videotapes that Plaintiff previously identified in the archive for duplication. The parties remain in communication regarding that process.

With respect to documents marked as protected information subject to a non-disclosure obligation under the Protective Order, the parties will attempt to resolve

any disagreements about whether such materials should remain protected without burdening the Court. That said, one or both parties may at the appropriate time ask the Court to resolve any such disputes or to issue any necessary and appropriate orders. The parties will endeavor to minimize the number of such motions presented to the Court in order to streamline these proceedings.

### III. Developments with respect to Plaintiff's pending application to lift the Protective Order with respect to a particular document.

Briefing is complete regarding Plaintiff's request to lift the Protective Order with respect to a particular document found in the archive that was part of an ethics complaint pursued against ▆▆▆▆▆ (ECF Nos. 39, 41–43 45). At the Court's invitation, the author of the document in question, ▆▆▆▆▆ filed a letter opposing disclosure (ECF No. 57). However, the subject of the document and complaint, ▆▆▆, does not oppose disclosure (ECF No. 58). Plaintiff submitted its response to the author's opposition on February 7, 2020 (ECF Nos. 62–63). That issue remains *sub judice*.

Plaintiff writes separately, on its own behalf, to alert the Court to recent findings that underscore its pressing need to be able to use and share the document, free from the non-disclosure obligations of the Protective Order.[1] In October 2019, Plaintiff explained to the Court that the document is strong evidence that ▆▆▆ had lied under oath in ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. *See* Decl. of M. Chris Fabricant

---

[1] Plaintiff will serve a copy of this status report upon ▆▆▆▆ and ▆▆▆▆ by mail, consistent with this Court's prior order inviting them to participate in litigation regarding disclosure of the document (ECF No. 45).

¶¶ 14-22 (filed under seal Oct. 28, 2019). In that case, ▮ had testified at a post-conviction hearing that he had never seen an ethics complaint filed against ▮ ▮ even though the document in the archives proves not just that he had seen that complaint, but that ▮▮▮▮. *Id.*[2] Plaintiff seeks unfettered access to the document in order to share it with the relevant professional ethics associations, which treat dishonesty by forensic dentists as a serious ethical violation, and also to be able to share it with prosecutors, defense lawyers, and others who are involved in cases in which ▮ has testified or will testify as an expert. *Id.* ¶¶ 30–53.

Newly-discovered evidence underscores the importance of de-designating the document. Following the Plaintiff's most recent visit to the archive, Plaintiff was able to identify a capital case, of which it was previously unaware, in which ▮ ▮ gave expert testimony crucial to securing the conviction. ▮▮▮▮. This newly-discovered case suggests a pattern of dishonest and misleading testimony proffered by ▮ in serious criminal cases. In the ▮ case, ▮ testified that a mark on the victim's leg was caused by a human bite that matched the defendant's teeth. ▮. The defendant maintained his innocence and, on direct appeal, a principal argument

---

[2] The defendant in that case, ▮ was exonerated ▮▮▮.

4

was that ▬▬▬ had lied under oath. Specifically, at trial ▬▬▬

▬▬▬

▬▬▬

▬▬▬

▬▬▬

▬▬▬

▬ *Id.* While the trial court declined to make the finding of perjury necessary to order a new trial, the underlying facts—*i.e.* the inconsistency between ▬▬▬'s testimony and his actual actions—were not disputed. *Id.*

The misleading, evasive, and false testimony by ▬▬▬ in that case—*i.e.* ▬▬▬—precisely echoes the misleading, evasive, and false testimony he gave in the ▬▬ case, as demonstrated by the document Plaintiff seeks to de-designate. This appears to reflect a pattern of dishonest and self-serving testimony to defend convictions based on faulty science.[3]

This newly-discovered case underscores Plaintiff's compelling need to be able to share the document from the archive. The document would be important evidence in potential post-conviction proceedings seeking to exonerate ▬▬▬ on account of the jury's reliance on unreliable and discredited bite mark analysis by

---

[3] In another post-conviction murder case that Plaintiff discussed in a prior submission to this Court, the trial judge made a similar finding: ▬▬▬

▬▬▬ (filed under seal on Feb. 7, 2020, as Exhibit A to ECF No. 62).

▇▇▇▇. More broadly, the professional societies through which ▇▇▇▇ is accredited are entitled to have as complete a record as possible of his pattern of misleading testimony in order to determine whether he has violated professional standards and what form of discipline is appropriate. In addition, prosecutors, defense lawyers, and others involved in criminal cases in which ▇▇▇▇ has previously participated—or will participate in the future—must have this information in order to make an assessment of his credibility as an expert. The Innocence Project will not necessarily become aware of all such cases and will therefore not be in a position to seek permission from this Court case-by-case to share the document in question with the lawyers and investigators involved. By de-designating the document, this Court would permit the Innocence Project to provide the documents to the relevant networks of experts, attorneys, investigators, and prosecutors, so that it can be considered and used by them as appropriate.[4]

Moreover, as previously argued, the document in question pertains to ▇▇▇▇ ▇▇▇▇ and was maintained in a folder concerning the ethics investigation of *him*— not a folder concerning ▇▇▇▇. It could therefore only have been protected under the Privacy Act in order to protect ▇▇▇▇'s (now waived) privacy interests (ECF No. 62, at 3–5).[5]

---

[4] Defendants do not oppose Plaintiff's application for disclosure but take no position with respect to the facts Plaintiff has offered here or in its prior submissions in support of its request. (ECF No. 43, at 1.)

[5] When the issue was first raised last October, the Government's concern with disclosure arose from the fact that, in its view, the document should have been filed in an "individual's folder"—*i.e.* a folder identified with ▇▇▇▇ ethics investigation—not a folder pertaining to ▇▇▇▇. (ECF No. 41, at 1–2.)

## III. Joint Proposal

The parties propose to submit a further status report in three months, on or before January 8, 2020, at which point the parties hope to have a clearer sense of when Plaintiff will be able to complete its review of the archive and whether there will be a need for further briefing.

                                                Respectfully submitted,

                                                /s/ Jonathan Manes
                                                Jonathan Manes
                                                Roderick & Solange MacArthur Justice Center
                                                160 E. Grand Ave., Sixth Floor
                                                Chicago, IL 60615
                                                (312) 503-0012 (tel)
                                                (312) 503-0891 (fax)
                                                jonathan.manes@law.northwestern.edu

                                                *Counsel for Petitioner*

Dated: October 9, 2020
       Chicago, IL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE INNOCENCE PROJECT, INC.

*Plaintiff,*

v.

NATIONAL MUSEUM OF HEALTH AND MEDICINE, *et al.*,

*Defendants.*

Case No. 19-cv-1574 (AJN)

## REDACTED CERTIFICATE OF SERVICE

I, Jonathan Manes, declare under penalty of perjury that I served a copy of Plaintiff's Letter Motion to File Documents Under Seal and Joint Status Report upon counsel for defendants in this case by means of the Court's CM/ECF service and upon the following interested non-parties by first class mail at the addresses indicated below.:



/s/Jonathan Manes
Jonathan Manes

Dated: October 9, 2020
Chicago, IL