USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/13/4243

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE INNOCENCE PROJECT, INC.

*Plaintiff,*

v.

NATIONAL MUSEUM OF HEALTH AND MEDICINE, *et al.*,

*Defendants.*

Case No. 19-cv-1574 (AJN)

## JOINT STATUS REPORT

Plaintiff, on behalf of all parties, submits this joint status report to update the Court regarding the progress of this matter, in accordance with the Court's order of April 20, 2021 (ECF No. 81).

**I. Background.**

In this case, The Innocence Project has sought access to an archive at the National Museum of Health and Medicine ("Museum") that contains historical records about forensic odontology and, in particular, the use of bite mark identification methods in criminal cases. *See generally* Complaint, ECF No. 6. This Court entered a Privacy Act Order and Protective Order on July 25, 2019 ("Protective Order"), that authorized Plaintiff's attorneys to inspect the archives while allowing Defendants to designate documents from the archives as "protected information"—not subject to dissemination beyond the attorneys in this case—if they determined that a document might be subject to the Privacy Act or some other legal basis limiting public dissemination. *See* ECF No. 36 ¶¶ 1-3.

**II. Progress since the previous status report.**

Due to restrictions that remain in place as a result of the coronavirus pandemic, the parties have not been able to make progress on this case since the last status report. Plaintiff has not been able to visit the Museum's archive since January 2020 and, as a result, has not been able to complete review of the documents. Because the archive is solely available in physical/paper format, it is impossible to complete the review through alternative remote means.

Plaintiff's counsel anticipates that they will be able to complete their review in one or two more visits, but at this time it is unclear when those visits will occur. The museum has informed Petitioner that it continues to accept no research visitors at this time because of restrictions in place as a result of the coronavirus pandemic. Access to the Museum is governed by the same protocols that apply to the Pentagon Reservation and depend on a detailed set of criteria that take into consideration local conditions including the trajectory of the virus and hospital capacity. Defendants' counsel has assured Plaintiff's counsel that Defendants will alert Plaintiff as soon as researchers are permitted back into the archive. At that time, Plaintiff will work with Defendants to schedule a visit with an appropriate number of representatives from Plaintiff's legal team. It is possible that a smaller number of people will be permitted to enter the facility than during previous visits, in which case it may be necessary to schedule a larger number of visit days in order to complete the review.

The parties have agreed to arrange for digital copying of certain analog recordings that Plaintiff previously identified in the archive for duplication. That process is ongoing. Those materials are being digitized by an outside vendor, at Plaintiff's expense, and will subsequently be disclosed to Plaintiff following review by Defendants to determine whether they will designate any of the materials, or portions thereof, as protected information.

**III. Status of pending request for judicial relief.**

Plaintiff has asked the Court to lift the Protective Order with respect to a particular document, found in the archive, that relates to an ethics complaint against a particular forensic odontologist (ECF Nos. 39, 42, 45). Briefing has been complete on that request for more than one year, as of February 7, 2020. There have been no filings with respect to this request since the last status report. A brief procedural history of this pending matter is provided here for the Court's convenience.

Following the initial briefing regarding Plaintiff's request to lift the Protective Order (ECF Nos. 39–41, 43–44), the Court invited the author and subject of the document in question to submit any opposition to Plaintiff's request (ECF No. 45). The author of the document filed a letter opposing disclosure (ECF No. 57), while the subject of the document and underlying ethics complaint does not oppose disclosure (ECF No. 58). Plaintiff submitted its response to the author's opposition on February 7, 2020 (ECF Nos. 61–62).

In a status report filed October 9, 2020, Plaintiff provided the Court with additional information, filed partially under seal, in support of its request to lift the protective order with respect to that document (ECF No. 72, at 3-6). Plaintiff served copies of that status report on both the author and subject of the document (ECF No. 72-1). The author of the document subsequently submitted a letter to the Court, *pro se*, on January 29, 2021. That letter was deleted from the public docket on the same day and was subsequently filed under seal per the Court's Order dated February 3, 2021 (ECF No. 78). Plaintiff served a copy of the Court's February 3 Order on the author of the letter, as directed by the Court. Plaintiff's request to lift the Protective Order remains *sub judice*.

With respect to other documents marked as protected information subject to a non-disclosure obligation under the Protective Order, the parties will attempt to resolve any disagreements about whether such materials should remain protected without further burdening the Court. That said, one or both parties may at the appropriate time ask the Court to resolve any such disputes or to issue any necessary and appropriate orders. The parties will endeavor to minimize the number of such motions presented to the Court in order to streamline these proceedings.

SO ORDERED.

**IV. Joint Proposal.**

The parties propose to submit a further status report in three months, on or before October 8, 2021, at which point the parties hope to have a clearer sense of when Plaintiff will be able to complete its review of the archive and whether there will be a need for further briefing.

Respec[tfully submitted,]

/s/ Jona[than Manes]
Jonatha[n Manes]
Roderi[ck & Solange MacArthur Justice Center]
160 E. [Grand Ave., 6th Floor]
Chicag[o, IL 60611]
(312) 5[03-xxxx]
(312) 5[03-xxxx]
jonathan.manes@law.northwestern.edu

*Counsel for Petitioner*

SO ORDERED.      7/15/2021
ALISON J. NATHAN, U.S.D.J.

Dated: July 9, 2021
    Chicago, IL


With respect to other documents marked as protected information subject to a non-disclosure obligation under the Protective Order, the parties will attempt to resolve any disagreements about whether such materials should remain protected without further burdening the Court. That said, one or both parties may at the appropriate time ask the Court to resolve any such disputes or to issue any necessary and appropriate orders. The parties will endeavor to minimize the number of such motions presented to the Court in order to streamline these proceedings.

SO ORDERED.

**IV. Joint Proposal.**

The parties propose to submit a further status report in three months, on or before October 8, 2021, at which point the parties hope to have a clearer sense of when Plaintiff will be able to complete its review of the archive and whether there will be a need for further briefing.

Respec[tfully submitted,]

/s/ Jona[than Manes]
Jonatha[n Manes]
Roderi[ck]
160 E. [...]
Chicag[o, IL]
(312) 5[...]
(312) 5[...]
jonathan.manes@law.northwestern.edu

*Counsel for Petitioner*

SO ORDERED.   7/15/2021
ALISON J. NATHAN, U.S.D.J.

Dated: July 9, 2021
    Chicago, IL