UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/11/22

The Innocence Project, Inc.,

     Plaintiff,

    –v–

National Museum of Health and Medicine, et al.,

    Defendants.

19-CV-1574 (AJN)

MEMORANDUM OPINION
& ORDER

ALISON J. NATHAN, District Judge:

  This action was filed by Plaintiff in February 2019 to permit Plaintiff to inspect the archives of the American Board of Forensic Odontology ("ABFO") at the federal government's national Museum of Health and Medicine ("the Museum"). Dkt. No. 6. Since July 25, 2019, Plaintiff has engaged in that inspection under the terms of a Privacy Act Order and Protective Order jointly proposed by the parties and entered by this Court. Dkt. Nos. 33, 36. Before the Court is a request to publicly disclose a report subject to that Protective Order. For the reasons that follow, the Court GRANTS that request.

  **I. Background**

  On October 17, 2019, Plaintiff filed a status update to the Court indicating that it had identified a report dated April 3, 2006, that had been designated as containing protected information, but that Plaintiff sought to have removed from the Court's Protective Order and fully disclose. Dkt. No. 39. The report was "written by a forensic odontologist to the [ABFO] in the course of that organization's ethics investigation of another forensic odontologist." *Id.* at 3. Plaintiff explained that it had a pressing need to use the report in a client's state post-conviction proceedings. *Id.* at 3–4. The Government filed a letter explaining that it did not oppose

Plaintiff's request and that the Court had authority to grant or deny Plaintiff's request under the Privacy Act, 5 U.S.C. § 552a(b)(11).  Dkt. No. 41.

The Court on October 21, 2019, ordered the parties to show cause why the Court should not grant Plaintiff's request by permitting the report be filed under seal in the state-court proceedings but otherwise remain confidential.  Dkt. No. 42.  Plaintiff responded to this show-cause order by explaining that the report was evidence of potential perjury by forensic scientists that would be of interest both to the American Academy of Forensic Sciences and to ongoing criminal proceedings, including post-conviction proceedings that include Plaintiff's client.  Dkt. No. 43.  The Court on October 31, 2019, ordered the parties to disclose the report to the Court and to notify the individuals affected by the report, including both its author and the subject of the report.  Dkt. No. 45 (citing *Laxalt v. McClatchy*, 809 F.2d 885, 889 (D.C. Cir. 1987) (when asked to grant disclosure under 5 U.S.C. § 552a(b)(11), the court "should also consider, in its discretion, the wisdom of notifying the affected parties")).

Subsequent to the Court's Order dated October 31, 2019, acting pro se, the author of the report in question has filed several letters to the Court to oppose disclosure of the report by any means.  *E.g.*, Dkt. Nos. 57, 78.  The subject of the report wrote a letter that enthusiastically supported the report's disclosure.  Dkt. No. 58.  These letters have been maintained under seal to preserve confidentiality.  Plaintiff filed a response to the author's letter, Dkt. Nos. 61–62, and supplied additional information to the Court in a status report dated October 9, 2020, Dkt. No. 72.  In its papers, Plaintiff argues that the report demonstrates a pattern of perjury by the report's author across several criminal cases that, Plaintiff asserts, may have contributed to false convictions.

In his letters, the report's author argues that the report is not evidence of perjury and that disclosure would unfairly permit Plaintiff to impugn the author's professional reputation. The author also argues that disclosure would violate an agreement made between the ABFO and the Museum when the archives were created. He further suggests that Defendants are acceding to Plaintiff's requests to inspect the archives in this case only because Plaintiff has intimidated them into doing so.

## II.  Discussion

This dispute concerns the Privacy Act, 5 U.S.C. § 552a. Plaintiff argues that the report dated April 3, 2006, is exempt from the Privacy Act, and, in the alternative, that the Court has authority to disclose the report under an exception to the Privacy Act's general prohibition of disclosure because there is good cause to order disclosure. Dkt. No. 39 at 4–7. That exception permits disclosure of records "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11).

The leading authority on the exception remains *Laxalt v. McClatchy*, 809 F.2d 885 (D.C. Cir. 1987). There, the D.C. Circuit observed that "[n]either the statute nor anything in its legislative history specifies the standards for issuance of such a court order" under § 552a(b)(11). *Id.* at 888. Rather, a court should balance the relevant competing interests in determining whether there is "good cause" for disclosure. *Id.* at 889–90; *see also Abidor v. Johnson*, No. 10-CV-4059 (ERK), 2016 WL 3102017, at *7 (E.D.N.Y. June 2, 2016). One relevant interest is the privacy of the affected parties, but that interest is not dispositive. *Laxalt*, 809 F.2d at 889–90; *see also United States v. Microsoft Corp.*, 165 F.3d 952, 959 (D.C. Cir. 1999) ("[T]he meaning of 'good cause' in [Civil] Rule 26(c) is properly informed by the interests underlying the Privacy Act.").

3

The Court assumes without deciding that the report falls within the ambit of the Privacy Act and therefore, under § 552a(b)(11), takes account of the conflicting interests identified by the parties and by the author and the subject of the report. The Court concludes that good cause exists to grant the request to disclose the report without condition.

*First*, Plaintiff has adequately demonstrated that the report may be relevant to one or more ongoing state-court proceedings because it allegedly may demonstrate that an important expert witness committed perjury. The outcome of those proceedings could affect the liberty of criminal defendants. Criminal defendants have a weighty, though not unqualified, right to present a complete defense. *See Wade v. Mantello*, 333 F.3d 51, 58 (2d Cir. 2003). An important aspect of that right is the right to cross-examine adverse witnesses, including by impeaching those witnesses' credibility. *See Davis v. Alaska*, 415 U.S. 308, 316 (1974). This interest favors broad disclosure of the report for use not only in the pending state proceeding originally identified by Plaintiff but also in several other proceedings identified in Plaintiff's later status report. Dkt. No. 72.

Further, the Court is persuaded by the letter submitted by the subject of the report. In that letter, he argues that continued refinement and improvement of forensic science depends, at least in part, on permitting public and professional scrutiny of forensic experts. The Supreme Court has similarly recognized an important interest in improving and reforming the forensic science admitted in criminal proceedings. *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 319–21 (2009). As Justice Scalia explained, without the opportunity to confront forensics experts and subject the validity of their methods to scrutiny, "our system produces erroneous convictions based on discredited forensics." *Id.* (quoting Pamela R. Metzger, *Cheating the Constitution*, 59 Vand. L. Rev. 475, 491 (2006)).

4

The Court concludes that Plaintiff has made an adequate showing of the report's potential relevance to ongoing criminal proceedings that supports public disclosure. But, to be clear, the Court has made no conclusion about the veracity of Plaintiff's allegation of perjury, which the report's author has credibly rebutted in his letters.

*Second*, the Court takes account of countervailing privacy interests. *See Kunstler v. City of New York*, No. 04-CIV-1145 (RWS) (MHD), 2006 WL 2516625, at *11 (S.D.N.Y. Aug. 29, 2006), *aff'd*, 242 F.R.D. 261 (S.D.N.Y. 2007). The Court concludes these interests to be minimal here. The subject of the report strongly supports its full public disclosure and states that he has no privacy concerns "whatsoever." The author opposes disclosure, but the report contains little, if any, private information about the author himself. Rather, he argues that Plaintiff will unfairly use the report to accuse him of perjury. But that allegation of perjury concerns testimony given in a public criminal proceeding, which dramatically reduces the weight of the interest. *See Dedjoe v. Esper*, No. 1:15-CV-1170 (TJM), 2019 WL 697821, at *9 (N.D.N.Y. Feb. 19, 2019), *aff'd*, 804 F. App'x 1 (2d Cir. 2020). The weight of this interest is further reduced by the fact that the author retains the ability to publicly deny such allegations of perjury, as he has done already in his letters to the Court.

*Third*, the Court takes account of the fact that no signatory to the Protective Order, including no Defendant, opposes disclosure. Defendants act as custodians of the report and the other archives at issue in this action and have otherwise sought to enforce the terms of the Protective Order when they believed that disclosure was not warranted. *See, e.g.*, Dkt. No. 84 (describing the parties' ongoing disagreements and negotiations about disclosure of protected records). The absence of opposition by Defendants supports granting Plaintiff's request.

The report's author argues that by permitting disclosure, Defendants violate their promise of confidentiality made to the ABFO when the archives were created. The author cites, in support, to a document in which the Museum apparently agreed not to disclose information covered by the Privacy Act because of the risk of disclosing personally identifying information. The precise context of this document is not clear to the Court. Regardless, it does not alter the Court's conclusion that disclosure is warranted here. First, the report at issue does not contain any personally identifying information like social security numbers, medical records, or personal contact information. Second, the Museum's promise not to disclose information covered by the Privacy Act does not deprive this Court of the authority to order disclosure under an exception to the Privacy Act, 5 U.S.C. § 552a(b)(11). *Clavir v. United States*, 84 F.R.D. 612, 614 (S.D.N.Y. 1979) ("[E]xception (11) to § 552a(b) makes it completely clear that the [Privacy] Act cannot be used to block the normal course of court proceedings, including court-ordered discovery."). As courts in this district have long recognized, "no government official has the power to promise that information will be kept confidential in the face of a lawful demand for discovery backed up by an order of the court." *Id.*; *see also Burke v. New York City Police Dep't*, 115 F.R.D. 220, 230 (S.D.N.Y. 1987) ("In any event, promises of confidentiality cannot be binding in the absence of legal authority . . . ." (citing *Clavir*)); *In re Subpoena Duces Tecum Served on N.Y. Marine & Gen. Ins. Co*, No. M 8-85 (MHD), 1997 WL 599399, at *4 n.3 (S.D.N.Y. Sept. 26, 1997) ("[A] private agreement or promise of protection cannot by itself bar non-signatories from access to documents if they are otherwise discoverable." (citing *Clavir*)). The Court therefore concludes that even if a promise of confidentiality were made, it does not override this Court's authority to order disclosure.

### III. Conclusion

For the reasons above, the Court finds good cause for disclosure of the report and therefore GRANTS Plaintiff's request. The Court hereby orders:

To the extent that the document dated April 3, 2006, identified by Plaintiff is subject to the Privacy Act, Defendants shall produce the document to Plaintiff pursuant to 5 U.S.C. § 552a(b)(11) and the produced copy shall not be subject to the Privacy Act Order and Protective Order entered in this case.

The parties' next joint status update is due by April 8, 2022. Dkt. No. 87.

SO ORDERED.

Dated: February 11, 2022
New York, New York

_____
ALISON J. NATHAN
United States District Judge